15-1273
*United States v. Manuel*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand sixteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> JOSÉ A. CABRANES,
> > *Circuit Judge,*
> LEWIS A. KAPLAN,
> > *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                  No. 15-1273

ERIC MANUEL,

> *Defendant-Appellant.*

_____

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Appellee:    ANDEN CHOW, Assistant United States Attorney (Michael A. Levy, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:    COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Eric Manuel appeals from a judgment of conviction entered by the District Court for the Southern District of New York (Crotty, *J.*) on April 16, 2015, following a bench trial finding Manuel guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Manuel argues that the district court erred in denying his pretrial motion to suppress evidence obtained during a traffic stop conducted by two New York City police officers. More specifically, Manuel contends that the officers lacked reasonable suspicion to stop the livery cab in which he was riding on the ground that they suspected him of drinking alcohol in the cab in violation of New York's open container law. *See* N.Y. Veh. & Traf. Law § 1227(1).

"The existence of reasonable suspicion to support a stop is a mixed question of law and fact that is reviewed de novo. The district court's factual findings on a motion to suppress are

2

reviewed for clear error." *United States v. Simmons*, 560 F.3d 98, 103 (2d Cir. 2009) (citation omitted).

"The Fourth Amendment permits brief investigative stops—such as [a] traffic stop . . . — when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). This standard demands "more than a 'hunch,'" *United States v. Singletary*, 798 F.3d 55, 59 (2d Cir. 2015) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)), but "less than probable cause, requiring only facts sufficient to give rise to a reasonable suspicion that criminal activity 'may be afoot.'" *United States v. Bailey*, 743 F.3d 322, 332 (2d Cir. 2014) (quoting *Terry*, 392 U.S. at 30). When determining whether reasonable suspicion exists, we consider the totality of the circumstances. *Navarette*, 134 S. Ct. at 1687.

We agree with the district court that the officers had a reasonable basis to suspect that Manuel was violating New York's open container law and, therefore, to stop the cab in which Manuel was riding. The district court found that the officers observed Manuel at approximately 3:30 in the morning drinking slowly out of a disposable cup with no lid in the back of a vehicle. The district court also made a finding that Manuel "was 'slouched over forward' with 'his head down' in a manner that appeared consistent with intoxication." *United States v. Manuel*, No. 14 Cr. 497 (PAC), 2014 WL 6603949, at *1 (S.D.N.Y. Nov. 20, 2014). Under these circumstances, the officers reasonably believed that Manuel was drinking alcohol and thus violating New York's open container prohibition. *Cf. Singletary*, 798 F.3d at 60–61 (finding reasonable

suspicion of an open container violation where the defendant was carrying an object the size of a beer can "wrapped in a brown paper bag" and was holding it in a manner that suggested he was trying not to spill).

Manuel offers two responses to this conclusion. First, he asserts that the district court should not have taken account of Manuel's allegedly intoxicated appearance when considering the totality of the circumstances because the opinion of the officer who testified about Manuel's appearance "was not justified by the facts [the officer] described." Reply Brief for Defendant-Appellant Eric Manuel at 2. To the extent that Manuel means to argue that the district court should have given less weight to the officer's testimony and therefore clearly erred in crediting it,[1] we disagree. The officer's opinion was supported by Manuel's behavior—hunched over and drinking from an uncovered cup in a vehicle—and the time of night. *See In re CBI Holding Co., Inc.*, 529 F.3d 432, 449 (2d Cir. 2008) ("A factual finding is not clearly erroneous unless 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948))).

Second, Manuel argues that his behavior was just as consistent with a tired person drinking coffee. Even assuming that is true, though, "reasonable suspicion 'need not rule out the possibility of innocent conduct.'" *Navarette*, 134 S. Ct. at 1691 (quoting *United States v. Arvizu*, 534 U.S. 266, 277 (2002)); *see also Singletary*, 798 F.3d at 60 ("To be sure, a standard beer can is similar in size to a soft drink can, but the law 'does not demand that all possible innocent explanations be eliminated before conduct can be considered as part of the totality of

---

[1] Manuel concedes that the officer's opinion testimony was admissible.

circumstances supporting a reasonable basis to believe that criminal activity may be afoot.'" (quoting *Bailey*, 743 F.3d at 333)).

We have considered all of Manuel's remaining arguments and find in them no basis for reversal. Accordingly, for the foregoing reasons, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK